NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0370n.06
Filed: June 24, 2008

Case No. 07-5932

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ASTEC, INC., et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROUSE POLYMERICS INTERNATIONAL, | ) | DISTRICT OF TENNESSEE |
| INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, SUTTON, and FRIEDMAN,[*] Circuit Judges.

   **ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Astec, Inc. ("Astec") and

Defendant-Appellee Rouse Polymerics International, Inc. ("Rouse") entered into a written agreement

in 1993 under which Astec designed, built, and installed a dryer system for use in Rouse's rubber-

processing plant in Vicksburg, Mississippi. The agreement provided that, in the event of an accident

resulting in damages, Rouse would indemnify or hold harmless Astec so long as a court of competent

jurisdiction determined that Rouse's negligent operation of the dryer caused the accident or Rouse

consented to Astec's settling the case. On May 16, 2002, the dryer system exploded at Rouse's

facility, killing five employees and injuring fourteen others.

---

   [*] The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by
designation.

The employees sued Astec in Mississippi state court alleging negligent design, manufacture, and installation of the dryer. Astec denied liability and filed a declaratory action asking the District Court for the Southern District of Mississippi to declare Rouse negligent and liable for any damages assessed against Astec; the district court dismissed the action citing, among other things, the forum selection clause in the agreement. Thereafter — without the consent of Rouse — Astec and its insurance carrier settled with the employees for an undisclosed amount.

On September 20, 2004, Astec filed the present action in the Eastern District of Tennessee in accordance with the venue and choice of law provisions of the agreement, seeking indemnification from Rouse. Rouse filed for summary judgment, alleging that it had no duty to indemnify Astec because no court of competent jurisdiction determined that Rouse's negligent operation of the dryer caused the explosion and Rouse had not otherwise consented to Astec's settlement with the employees. The district court granted Rouse's motion for summary judgment and Astec timely appealed that decision to this court.

After hearing oral argument and carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies the law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.